UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

NATALIA N. C.,[1]

        Plaintiff,

v.                                            CIV. NO. 4:21cv39

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Report and Recommendation ("R&R") entered by Magistrate Judge Lawrence R. Leonard on August 18, 2022. ECF No. 26. Plaintiff filed Objections to the R&R on September 1, 2022, ECF No. 27, and the Commissioner of Social Security ("Commissioner") responded on September 14, 2022, ECF No. 28. For the reasons stated below, the court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R.

### I. BACKGROUND[2]

Plaintiff filed an application for disability insurance

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] The facts of this case are fully and accurately set forth in the R&R. See ECF No. 26 at 3-10. The court **ADOPTS IN FULL** the Magistrate Judge's recitation of the relevant facts and need not repeat them here. The court, however, will provide a brief outline of the relevant events.

benefits ("DIB") on October 16, 2019, alleging that she was disabled due to bipolar disorder, anxiety, panic attacks, and depression. ECF No. 13 (Administrative Record) [hereinafter "R."] at 53. After her request for DIB was denied, Plaintiff requested a hearing before an administrative law judge ("ALJ"). R. at 100.

### A. The ALJ's Decision

In evaluating the Plaintiff's disability claim, the ALJ followed the Social Security Administration's ("SSA") five-step evaluation process used to determine whether an individual is disabled. R. at 14-25; see 20 C.F.R. § 404.1520(a). The ALJ considered whether the Plaintiff:

> (1) was engaged in substantial gainful activity; (2) had a severe impairment; (3) had an impairment that meets or medically equals a condition within the SSA's listing of official impairments; (4) had an impairment that prevents her from performing any past relevant work in light of her residual function capacity ("RFC");[3] and (5) had an impairment that prevents her from engaging in any other substantial gainful employment.

R. at 14-25; see 20 C.F.R. § 404.1520(a)(4).

The ALJ conducted an additional analysis to determine whether Plaintiff would qualify as disabled without the impact of her substance use, R. at 19, 22, as required when a claimant's substance use disorder is found to contribute to her impairments, see 42 U.S.C. § 423(d)(2)(C).

---

[3] The RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

Proceeding through the five-step SSA framework, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2019, and that she suffered from the following severe impairments: bipolar disorder, post-traumatic stress disorder, anxiety disorder, and alcohol use disorder. R. at 13-14. The ALJ then determined that, *with* the impact of Plaintiff's substance use disorder, her impairments met the criteria of Listing 12.04, 20 C.F.R. Pt. 404, Subpt. P, App. 1, related to depressive, bipolar, and related disorders. R. at 15-19 (emphasis added).

However, the ALJ went on to determine that if Plaintiff's substance use ceased, she would not meet the Listing 12.04 criteria, R. at 19, and would have the RFC to perform a full range of work, subject to several non-exertional limitations, including "routine, repetitive tasks; no direct interaction with the general public; occasional contact with supervisors or coworkers; and no fast-paced production," R. at 21. When analyzing the appropriate RFC, the ALJ submitted that "the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record."[4] R. at 21.

---

[4] This proposition forms the basis of Plaintiff's first objection to the R&R. See ECF No. 27 at 1.

Having identified the appropriate RFC, the ALJ then determined that, while Plaintiff could not return to her past relevant work as an electrician, babysitter, sheriff's deputy, or cosmetologist, R. at 23, she was capable of other substantial gainful employment, such as an order picker or office cleaner, R. at 24. As such, the ALJ ultimately found that Plaintiff did not qualify as "disabled." Id. In reaching this conclusion, the ALJ noted that, while he did not "defer" or "give any specific evidentiary weight" to prior "administrative medical finding(s) or medical opinion(s)," he had still considered them in his analysis.[5] R. at 22. After Plaintiff's request to reconsider the ALJ's decision was denied, it became final on February 11, 2021. R. at 1-4.

### B. R&R Decision

Having exhausted her administrative remedies, Plaintiff filed a Complaint on April 19, 2021, in order to receive judicial review of the Commissioner's denial of her request for DIB. ECF No. 1. Plaintiff then filed a Motion for Summary Judgment and Brief in Support on February 18, 2022, ECF Nos. 20, 21. The Commissioner filed a Cross-Motion for Summary Judgment and Memorandum in Support, on March 21, 2022, ECF Nos. 23, 24, and Plaintiff filed

---

[5] This proposition forms the basis of Plaintiff's second objection to the R&R. See ECF No. 27 at 6.

4

a Reply on April 11, 2022, ECF No. 25. The matter was then referred to Magistrate Judge Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings and to submit to the undersigned District Judge proposed findings of fact and recommendations for disposition.

Magistrate Judge Leonard's R&R was filed on August 18, 2022. ECF No. 26. The R&R recommends that Plaintiff's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, the final decision of the Commissioner be affirmed, and the matter be dismissed with prejudice. Id. at 31. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days of the date of service of the R&R to the objecting party. Id. at 31-32. Plaintiff filed Objections to the R&R on September 1, 2022, ECF No. 27, and the Commissioner's Response was filed on September 14, 2022, ECF No. 28.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b), the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has specifically objected. For unchallenged portions, the court "must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C).

In reviewing a denial of benefits by the SSA, the court must only determine whether the SSA used the proper legal standard and whether substantial evidence in the record supports the decision to deny benefits. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence 'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), superseded by regulation on other grounds, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Substantial evidence requires "more than a mere scintilla of evidence," but "may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

"In reviewing for substantial evidence, [the court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

[ALJ]." Id. (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court should defer to the ALJ. Id. In short, reversal of the denial of benefits is appropriate only if (1) the record lacks substantial evidence to support the ALJ's decision, or (2) the ALJ made an error of law. Id.

### III. ANALYSIS

Plaintiff raises two objections to the R&R. ECF No. 27. First, Plaintiff objects to the Magistrate Judge's finding that the ALJ appropriately "acknowledge[d] and weigh[ed] Plaintiff's service-connected disability rating." Id. at 1-6. Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ adequately evaluated Plaintiff's subjective complaints. Id. at 6-7.

#### A. The ALJ Adequately Evaluated Plaintiff's Service-Connected Disability Rating

Plaintiff was assessed by the Veteran's Administration ("VA") with an 80 percent service-connected disability rating, 70 percent of which was attributed to her bipolar disorder. See ECF No. 21 at 11. Plaintiff submits that the ALJ was required to explain how that rating was considered and what weight it was given. Id. at 15. Therefore, Plaintiff objects to the Magistrate Judge's determination that: (1) the ALJ did not err by not specifically outlining the impact of Plaintiff's service-connected disability

in his decision; and (2) even if the ALJ did err by doing so, it was harmless. See ECF No. 27 at 1-6.

As the Magistrate Judge points out, Plaintiff's argument that the ALJ was required to explain the impact of the VA's disability rating in his decision relies on case law and SSA regulations that are no longer controlling.[6] ECF No. 26 at 16-17. Instead, the Fourth Circuit has recently indicated that, due to amendments to the SSA regulations in 2017:

> "For claims filed on or after March 27, 2017, ALJs must still *consider* the existence of disability decisions by other governmental or nongovernmental entities, and any evidence underlying those decisions, but are *no longer required to 'provide written analysis* about how they consider the decisions from other governmental agencies.'"

Woods v. Berryhill, 888 F.3d 686, 691, n.1 (4th Cir. 2018) (citing 20 C.F.R. § 404.1504) (emphasis added).

Upon review of the record, the ALJ did review documents and testimony related to Plaintiff's service-connected disability rating provided by the VA. R. at 16, 35, 39. Thus, while the ALJ did not include a written analysis of the VA disability rating in his report, there is substantial evidence in the record that the

---

[6] See Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 377 (4th Cir. 2012) (discussing SSR No. 06-03p, 2006 SSR Lexis 5, at *17). SSR No. 06-03p mandated that "the adjudicator should explain the consideration given to [disability decisions by another governmental or nongovernmental agencies] in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." 2006 SSR Lexis 5, at *17.

ALJ considered it, in accordance with § 404.1504 and Woods, 888 F.3d. Therefore, the court agrees with the Magistrate Judge's determination that the ALJ did not err in this respect and Plaintiff's first objection to the R&R is **OVERRULED**.

### B. The ALJ Adequately Evaluated Plaintiff's Subjective Complaints

When determining whether a claimant is disabled, the ALJ is required to "assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). During this assessment, the ALJ may not simply "disregard [the claimant's] statements about the intensity, persistence, and limiting effects of [her] symptoms." Arakas, 983 F.3d at 95 (citing SSR 16-3p, 2016 WL 1119029 at *5). Therefore, if the ALJ ultimately discredits, to an extent, a claimant's subjective complaints, the ALJ must create a "logical bridge" from that conclusion to evidence from the record. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 111 F.3d 863, 872 (7th Cir. 2000).

In this case, the ALJ found that "the intensity, persistence, and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record," R. at 21, to which the Magistrate Judge agreed,

ECF No. 26 at 28-31. In response, Plaintiff's second objection to the R&R argues that the ALJ failed to draw the necessary "logical bridge" between this conclusion and the record. ECF No. 27 at 6-7.

Upon review of the record, the ALJ considered Plaintiff's testimony about her symptoms as well as the objective medical evidence in the case, including Plaintiff's daily activities and the medical opinion of Dr. Jett. R. at 21-23. In fact, the ALJ specifically noted some instances in which the record was inconsistent with Plaintiff's complaints.[7] Further, the ALJ connected his analysis of the record to Plaintiff's subjective complaints by determining that the proposed RFC adequately addressed each of Plaintiff's limitations. Id. at 22. Therefore, the court agrees with the Magistrate Judge's determination that the ALJ formed the necessary logical bridge between the record and his evaluation of Plaintiff's subjective complaints. Accordingly, Plaintiff's second objection to the R&R is **OVERRULED**.

## IV. CONCLUSION

The court, having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with

---

[7] For example, although Plaintiff alleged that her difficulties with memory and concentration supported a finding that she was disabled, Dr. Jett found that she had average intellectual functioning and goal-directed thought processes. R. at 22.

respect thereto, hereby **OVERRULES** the Plaintiff's Objections, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R. ECF No. 26. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's Motion for Summary Judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment in favor of the Commissioner and close the case on this court's docket. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 23, 2022

11